IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>*Defendant.* | Case No. 19-cv-435 |

# COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Health and Human Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*OCR Communications FOIA Request*

7.      On August 28, 2018, American Oversight submitted a FOIA request to HHS seeking access to communications between certain employees in the Office for Civil Rights (OCR) and certain outside groups, as follows:

> All communications between (i) Roger Severino, T. March Bell, Maya Noronha, Arina Grossu, or Louis Brown, and (ii) any of the individuals or entities listed below:
>
> a) Alliance Defending Freedom (adflegal.org)
> b) Operation Rescue (operationrescue.org)
> c) Center for Medical Progress (centerformedicalprogress.org)
> d) Americans United for Life (aul.org)
> e) Charlotte Lozier Institute (lozierinstitute.org)
> f) Susan B. Anthony List (sba-list.org)

    g) Heritage Foundation (heritage.org)
    h) Heritage Action for America (heritageaction.com)
    i) Federation for American Immigration Reform (fairus.org)
    j) Family Research Council (frc.org)
    k) Concerned Women for America (cwfa.org, concernedwomen.org)
    l) March for Life (marchforlife.org)
    m) American Family Association (afa.net, afr.net)
    n) Life Legal Defense Foundation
    o) Federalist Society (fedsoc.org)
    p) American Center for Law and Justice (aclj.org)
    q) The Becket Fund for Religious Liberty (becketlaw.org)
    r) Liberty Counsel (lc.org)
    s) First Liberty (firstliberty.org)
    t) Family Policy Alliance (familypolicyalliance.com)
    u) Thomas More Society (thomasmoresociety.org)
    v) Heartbeat International (heartbeatinternational.org)
    w) Live Action (liveaction.com)
    x) Care Net (care-net.org)
    y) Life Dynamics (lifedynamics.com)
    z) Judicial Crisis Network (judicialnetwork.com)
    aa) Ethics and Religious Liberty Commission (erlc.com)
    bb) U.S. Conference of Catholic Bishops (usccb.org)
    cc) National Right to Life Committee (nrlc.org)
    dd) Priests for Life (priestsforlife.org)
    ee) Freedom of Conscience Defense Fund (consciencedefense.org)
    ff) Representative Marsha Blackburn and any members of her staff
    gg) Troy Newman
    hh) Cheryl Sullenger
    ii) David Daleiden
    jj) Leonard Leo
    kk) Mark Crutcher
    ll) Albin Rhomberg
    mm) Sean Fieler

The request sought all responsive records from the date that each HHS custodian joined the agency to the date the search is conducted.

*OCR Calendars FOIA Request*

    8. Also, on August 28, 2018, American Oversight submitted a FOIA request to HHS seeking calendars of certain OCR employees, as follows:

        1. All calendars or calendar entries for the individuals listed below, including any calendars maintained on their behalf (e.g., by an administrative assistant):

      a. Roger Severino
      b. T. March Bell

2. All calendars or calendar entries reflecting meetings between any of the individuals listed below and any individuals or entities outside HHS (including any entries on calendars maintained on their behalf (e.g., by an administrative assistant)):
      a. Maya Noronha
      b. Louis Brown
      c. Arina Grossu

For calendar entries created in Outlook or similar programs, the documents should be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.

The request sought all responsive records from the date that each custodian joined HHS to the date the search is conducted.

*Justin Butterfield FOIA Requests*

9. On August 30, 2018, American Oversight sent a similar set of requests relating to another OCR employee—Justin Butterfield.

10. The first request sought communications between Mr. Butterfield and a very similar list of outside entities.

11. The second request sought calendar entries reflecting meetings between Mr. Butterfield and any individuals or entities outside HHS.

12. As of the date of this Complaint, HHS has not yet notified American Oversight that it has assigned tracking numbers to any of the FOIA requests described above.

13. American Oversight has not received any communication from HHS regarding any of the FOIA requests described above.

*Exhaustion of Administrative Remedies*

14. As of the date of this Complaint, HHS has failed to (a) notify American Oversight of any determination regarding American Oversight's FOIA requests, including the full scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

15. Through Defendant's failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

16. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

17. American Oversight properly requested records within the possession, custody, and control of Defendant.

18. Defendant is an agency subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

19. Defendant has failed to promptly and adequately review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

20. Defendant's failure to conduct adequate searches for responsive records violates FOIA.

21. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

22. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. American Oversight properly requested records within the possession, custody, and control of Defendant.

24. Defendant is an agency subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

25. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

26. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

27. Defendant's failure to provide all non-exempt responsive records violates FOIA.

28. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 21, 2019

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
*Counsel for Plaintiff*